**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**RANDOLPH SIMMONS,** on behalf of himself and all others similarly situated,

Plaintiff,

v.

**CART.COM, INC.**

Defendant,

Case No. ________

**CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff RANDOLPH SIMMONS, individually and on behalf of all others similarly situated, by and through her undersigned counsel, brings this action against CART.COM, INC. ("CART.COM" or "Defendant") for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., arising from Defendant's failure to ensure that its e-commerce website, www.brookstone.com, is accessible to blind and visually impaired individuals. Exhibit A.

## INTRODUCTION

1. Plaintiff RANDOLPH SIMMONS is a legally blind resident of Bronx County, New York. He suffers from Retinitis Pigmentosa, a severe degenerative retinal disease that has caused permanent and profound vision loss. His treating ophthalmologist, Dr. Robert Friedman of Mount Sinai Morningside, certified Mr. Simmons as legally blind on the New York State Office of Children and Family Services Report of Legal Blindness, confirming that his functional vision meets both federal and state definitions of legal blindness. As a result, Mr. Simmons relies entirely on-screen reading technology and keyboard navigation to access digital content independently.

2. Mr. Simmons is a proficient user of screen reading technology, including JAWS and NVDA, which he relies upon to navigate digital environments without sight. Because he cannot visually perceive website content, he depends on websites to provide proper semantic structure, meaningful alternative text, labeled interactive controls, and screen reader-compatible navigation.

For blind consumers such as Mr. Simmons, screen reading software is not optional—it is the only means by which they can independently access the internet.

3. For Mr. Simmons, wellness and personal care products are not discretionary purchases—they are essential components of his daily health and self-care routine. Blind individuals frequently experience muscle strain, posture-related tension, and eye area discomfort associated with their medical conditions and medications. Mr. Simmons specifically sought to purchase two products sold on Defendant's Website: the Rechargeable Shiatsu Back and Neck Massager and the Feather LED Eye Mask. These products are marketed as therapeutic devices designed to relieve muscle tension, improve circulation, and support relaxation. Because Brookstone's branded products are sold through Defendant's e-commerce platform and incorporate proprietary features not available from generic retailers, Defendant's Website was the only source from which Mr. Simmons could obtain them.

4. Defendant operates www.brookstone.com, a highly interactive ecommerce platform through which it markets and sells consumer wellness products, electronics, home goods, and related merchandise. The Website footer confirms that "Brookstone is a trademark owned by BKST Brand Holdings LLC" and that "This website is independently operated by Cart.com, which is the seller of record for all products and services offered through this website." Mr. Simmons visited the Website on July 11, July 18, and July 24, 2026, intending to research and purchase the above-referenced products. However, during each visit, he encountered pervasive accessibility barriers that prevented him from independently accessing product descriptions, ingredient and materials information, pricing, package options, and customer reviews. These barriers included missing alternative text, empty form labels, empty headings, broken ARIA attributes, inaccessible dynamic regions, and unlabeled interactive controls—each of which prevented his screen reader from conveying essential information.

5. These barriers were not isolated. Independent automated audits conducted using the WAVE Web Accessibility Evaluation Tool revealed widespread accessibility failures across Defendant's Website, including WCAG 2.1 Level A and AA violations such as: missing alternative text on product images; empty buttons and empty links; broken ARIA attributes; orphaned form labels; missing fieldsets; skipped heading levels; redundant links; and inaccessible dynamic regions. These failures rendered essential product information inaccessible to screen reader users and prevented Mr. Simmons from completing a purchase. Exhibit B

6. Defendant's ongoing operation of an inaccessible website is particularly notable in light of its corporate structure. Although Brookstone is a trademark owned by BKST Brand Holdings LLC, the Website is operated and controlled entirely by Cart.com, which is the seller of record for all products offered through the Website. Despite its role as the Website operator, Cart.com has failed to implement accessibility measures necessary to ensure equal access for blind and visually impaired consumers. The extensive accessibility failures documented in the WAVE audits demonstrate that Defendant has not adopted or enforced accessibility policies, has not remediated known barriers, and continues to operate an ecommerce platform that excludes blind users from equal participation in its online marketplace.

7. Plaintiff brings this action to secure injunctive relief requiring Defendant to bring its Website into compliance with WCAG 2.1 and to adopt policies ensuring ongoing accessibility. Plaintiff remains genuinely interested in purchasing Defendant's products and intends to return to the Website as soon as it is made accessible. Without remediation, Plaintiff and other blind consumers will continue to be denied equal access to Defendant's goods, services, and digital content.

## **<u>JURISDICTION AND VENUE</u>**

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, as Plaintiff alleges violations of Title III o9f the Americans with Disabilities Act, a federal civil rights statute. Supplemental jurisdiction over Plaintiff's state and city law claims is proper under 28 U.S.C. § 1367.

9. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims under the New York State Human Rights Law, Article 15 Executive Law § 290 et seq. ("NYSHRL"), the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL"), and the New York State Civil Rights Law, Article 4, §§ 40-c and 40-d ("NYCRL").

10. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides in Bronx County, accessed and attempted to use the Website from her home within this District, and suffered injury here. A substantial part of the discriminatory conduct giving rise to this action—including the denial of equal access to Defendant's online goods, services, and digital content—occurred within this District.

11. Defendant Cart.com conducts substantial, continuous, and systematic business within this District by marketing, advertising, and selling consumer wellness products, electronics, home goods, and related merchandise to New York consumers through its highly interactive retail Website, www.brookstone.com. The Website footer confirms that "This website is independently operated by Cart.com, which is the seller of record for all products and services offered through this website." Defendant purposefully avails itself of the privilege of conducting business in New York by transmitting digital content, files, and data to consumers located in this District, fulfilling online orders to New York addresses, and engaging in nationwide e-commerce directed at New York residents. Courts within this Circuit have consistently held that such purposeful, repeated online commercial activity constitutes sufficient minimum contacts for personal jurisdiction. See *Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539 (E.D.N.Y. 2018); *Andrews v. Blick Art Materials,*

*LLC,* 286 F. Supp. 3d 365 (E.D.N.Y. 2017); *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court,* 592 U.S. ___ (2021); *South Dakota v. Wayfair, Inc.,* 585 U.S. ___ (2018); *Romero v. 88 Acres Foods, Inc.*, 2022 U.S. Dist. LEXIS 9040 (S.D.N.Y. Jan. 18, 2022); *Sanchez v. NutCo, Inc.,* 2022 U.S. Dist. LEXIS 51247 (S.D.N.Y. Mar. 22, 2022).

12. Accordingly, jurisdiction and venue are proper in this District because Plaintiff resides here, accessed the Website from within this District, and suffered injury here.

## THE PARTIES

13. Plaintiff RANDOLPH SIMMONS is a legally blind resident of Bronx County, New York. Mr. Simmons suffers from Retinitis Pigmentosa, a degenerative retinal disease that has caused permanent and profound vision loss. On January 4, 2024, his treating ophthalmologist, Dr. Robert Friedman, MD, of Mount Sinai Morningside, certified him as legally blind on the New York State Office of Children and Family Services Report of Legal Blindness. As a result, Mr. Simmons relies exclusively on-screen reading software, including JAWS and NVDA, and keyboard navigation to access digital content independently.

14. Plaintiff is a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12102(1)–(2), the regulations implementing the ADA at 28 C.F.R. § 36.101 et seq., the New York State Human Rights Law ("NYSHRL"), and the New York State General Business Law § 349 ("GBL"). As a blind consumer, Plaintiff depends on accessible websites to obtain product information, compare options, and complete online purchases independently.

15. Defendant Cart.com, is the operator and seller of record for the Brookstone ecommerce Website, www.brookstone.com. The Website footer states that "Brookstone is a trademark owned by BKST Brand Holdings LLC" and that "This website is independently operated by Cart.com, which is the seller of record for all products and services offered through this website." Cart.com operates the highly interactive ecommerce platform through which Brookstone-branded

products are advertised, marketed, and sold throughout the United States, including to consumers in New York.

16. Defendant's Website constitutes a place of public accommodation under Title III of the ADA, 42 U.S.C. § 12181(7), because it is a sales establishment offering goods and services to the public. Through its Website, Defendant provides consumers with access to an array of wellness devices, electronics, home goods, and related consumer products—including the Rechargeable Shiatsu Back and Neck Massager and the Feather LED Eye Mask—as well as product descriptions, materials information, pricing, delivery options, account creation, customer service resources, and online checkout functionality.

17. Defendant purposefully directs its business activities toward New York consumers. It ships products directly to New York residents, derives substantial revenue from sales to New York consumers, and maintains an interactive Website that allows users in New York to browse inventory, review product information, and complete purchases. Defendant's conduct, including its operation of an inaccessible Website, has caused injury to Plaintiff within this District.

**NATURE OF ACTION**

18. This action arises under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., challenging Defendant's operation of a public-facing website that denies blind and visually impaired individuals full and equal access. Plaintiff, a legally blind resident of this District, attempted to access Defendant's website using assistive technology but encountered multiple access barriers that prevented meaningful engagement with its services. Defendant's failure to design and maintain its website in accordance with the Web Content Accessibility Guidelines ("WCAG") 2.1 constitutes unlawful discrimination.

19. The Internet has become a vital source of information and a primary tool for conducting everyday activities such as shopping, learning, banking, researching, and

communicating—for sighted, blind, and visually impaired individuals alike.

20. In today's digital environment, blind and visually impaired individuals access websites using keyboards in conjunction with screen access software that vocalizes visual content or displays it on a refreshable Braille device. Unless websites are properly coded to interface with screen-reading software and related assistive technologies, blind and visually impaired users are unable to fully access the information, products, and services offered online.

21. The World Wide Web Consortium ("W3C") has published the Web Content Accessibility Guidelines ("WCAG") 2.0 and 2.1, which establish internationally recognized standards for digital accessibility. These guidelines are widely adopted by private entities and government agencies and have been recognized by courts as an appropriate benchmark for ADA compliance.

22. Non-compliant websites pose recurring barriers to blind and visually impaired users. Common violations include missing text equivalents for non-text elements, inaccessible forms and input fields, links lacking descriptive context, improper headings, non-unique IDs, ARIA misuse, inaccessible PDFs, and user-interface elements whose roles and states cannot be programmatically determined by assistive technology.

## STATEMENT OF FACTS

23. Plaintiff RANDOLPH SIMMONS is a legally blind consumer residing in Bronx County, New York. As documented in the January 4, 2024, New York State Office of Children and Family Services Report of Legal Blindness completed by Dr. Robert Friedman, Plaintiff suffers from Retinitis Pigmentosa, a degenerative retinal disease that causes permanent and profound vision loss. Because of this impairment, Plaintiff depends on assistive technology, including screen reading tools, magnification, and keyboard-based navigation, to access digital interfaces, read product information, and complete online transactions independently.

24. Plaintiff's visual impairment is permanent, non-reversible, and lifelong. His remaining functional vision is insufficient to permit reliable independent use of standard visual website interfaces, visual interpretation of product imagery, or efficient navigation of poorly coded commercial websites. As a result, Plaintiff depends on properly coded, assistive-technology-compatible websites to shop independently, evaluate products, and access online information on equal terms with sighted consumers.

25. In July 2026, Plaintiff became interested in purchasing two wellness products from Brookstone: the Rechargeable Shiatsu Back and Neck Massager and the Feather LED Eye Mask. Plaintiff selected Brookstone's Website over other online retailers because Brookstone markets proprietary wellness devices that are not available from generic sellers, and because Brookstone's branded products are sold exclusively through the Website operated by Cart.com. The Website footer confirms that "Brookstone is a trademark owned by BKST Brand Holdings LLC" and that "This website is independently operated by Cart.com, which is the seller of record for all products and services offered through this website." Plaintiff chose Brookstone specifically because the Website promoted products associated with muscle relief, circulation support, relaxation, and therapeutic LED technology—attributes that align with Plaintiff's personal wellness needs and cannot be obtained from alternative retailers.

26. On three separate occasions—July 11, 2026; July 18, 2026; and July 24, 2026—Plaintiff visited www.brookstone.com from his home in Bronx County with the intent to browse categories, review product details, compare wellness options, and determine whether to purchase the Rechargeable Shiatsu Back and Neck Massager and the Feather LED Eye Mask. During these visits, Plaintiff attempted to access the specific pages reflected in the WAVE reports he reviewed: the "New Arrivals" page and the individual product pages for the Feather LED Eye Mask and the Rechargeable Shiatsu Back and Neck Massager.

27. Plaintiff's ability to evaluate the Rechargeable Shiatsu Back and Neck Massager was similarly impaired by the accessibility barriers documented in the WAVE report. The report identified "20 errors," including "missing alternative text," "4 empty form label," "1 empty heading," and "14 broken ARIA reference." Because the product image lacked alternative text, Plaintiff's screen reader could not describe the massager's shape, node placement, strap design, or portability. The empty form labels caused interactive controls—such as quantity selectors, variant options, and "Add to Cart" buttons—to be announced as "button" without any descriptive label, preventing Plaintiff from determining what action each control performed. The broken ARIA references caused product description sections to fail to announce properly, leaving Plaintiff unable to access the detailed therapeutic features, battery life, or portability information necessary to evaluate the product. These barriers prevented Plaintiff from determining whether the massager met his needs for muscle relief, portability, and ease of use.

28. The "New Arrivals" page that Plaintiff used to locate both products also contained pervasive accessibility barriers. The WAVE report identified "missing alternative text," "1 empty heading," and "14 broken ARIA reference" errors. Because product thumbnails lacked alternative text, Plaintiff could not identify which items were displayed, forcing him to guess which links corresponded to the products he sought. The broken ARIA references caused category navigation elements to be announced without context, preventing Plaintiff from reliably navigating to the correct product pages. These barriers impaired Plaintiff's ability to locate, identify, and select the products he intended to purchase.

29. As a direct result of these barriers, Plaintiff was unable to browse products efficiently, understand the full content and structure of the pages he visited, compare wellness offerings on equal terms, identify essential product information with confidence, or complete a purchase independently. His exclusion was real, repeatable, and directly caused by Defendant's

failure to implement industry-standard accessibility practices.

30. Defendant's Website is not a passive marketing tool. It is a fully interactive retail platform central to Defendant's business model, offering product listings, category navigation, descriptive content, promotional materials, and purchasing functionality. Defendant relies on www.brookstone.com to market and distribute its products nationwide, including to consumers in New York.

31. On information and belief, Defendant has operated www.brookstone.com without implementing adequate WCAG-compliant accessibility protocols. Despite longstanding federal guidance and the widespread availability of automated testing tools, Defendant has failed to remediate the barriers identified in this action. The same categories of accessibility defects persist across the specific pages Plaintiff attempted to use, reflecting a systemic disregard for blind and visually impaired users.

32. Plaintiff's intent to return to www.brookstone.com is concrete, credible, and ongoing. His interest is not abstract or generalized; it is tied to specific product categories and specific product pages he already attempted to access, specific attempted transactions, and specific functional needs arising from his blindness.

33. Plaintiff continues to seek wellness products associated with muscle relief, circulation support, relaxation, and therapeutic LED technology, including the products and category offerings presented through Defendant's "New Arrivals," Feather LED Eye Mask, and Rechargeable Shiatsu Back and Neck Massager pages. Plaintiff intends to return to these pages to complete his evaluation and potential purchase once the Website is accessible.

34. Plaintiff's prior attempts to shop on the Website were genuine and purposeful, motivated by his desire to review wellness options related to muscle relief, circulation support, relaxation, and therapeutic LED technology and to determine whether to purchase them. He

attempted to review product information and navigate the relevant pages but was prevented from doing so by the Website's accessibility barriers. His inability to complete those transactions does not diminish his interest; it reinforces his motivation to return once the barriers are removed.

35. Plaintiff's intent to return is not speculative. It is grounded in his prior visits, the particular pages and product categories he attempted to access, his ongoing interest in the wellness products promoted there, his permanent reliance on accessible online shopping, and the fact that Defendant's Website is the direct source of information and sales access for the Brookstone products he seeks.

## CLASS ACTION ALLEGATIONS

36. Plaintiff RANDOLPH SIMMONS brings this action on behalf of himself and all others similarly situated, seeking certification of a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who have attempted to access www.brookstone.com and were denied equal access to its digital content, product information, and online purchasing functions due to persistent accessibility barriers during the relevant statutory period.

37. Plaintiff also seeks certification of a New York Subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals residing in the State of New York who have attempted to access www.brookstone.com and were similarly denied equal access to its offerings due to the same systemic accessibility barriers.

38. Common questions of law and fact exist among the Class, including but not limited to: whether www.brookstone.com qualifies as a public accommodation or a service of a place of public accommodation under Title III of the ADA; whether the Website's persistent accessibility barriers violate the ADA by denying blind users full and equal access to Defendant's products, services, and digital content; whether the same barriers violate the NYCHRL, NYCRL, and

NYSHRL by excluding blind users from meaningful participation in the digital marketplace; whether Defendant failed to adopt or implement accessibility policies, testing protocols, or WCAG-compliant design standards; and whether injunctive relief is necessary to ensure ongoing compliance with accessibility requirements.

39. Plaintiff's claims are typical of the Class. Like other blind individuals, He relies on assistive technology and keyboard navigation to access online platforms. He encountered the same systemic barriers—non-equivalent images, inaccessible interactive elements, defective structure, and unreadable content—that affect all Class members.

40. Plaintiff will fairly and adequately represent the interests of the Class. He has retained counsel experienced in disability rights and complex class action litigation. Plaintiff has no interests antagonistic to those of the Class and seeks injunctive and declaratory relief applicable to all members.

41. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or failed to act on grounds generally applicable to the Class, warranting injunctive relief to remediate the Website's accessibility barriers.

42. Alternatively, certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over individual issues, and a class action is the most efficient and fair method for adjudicating these claims.

43. Maintaining this action as a class proceeding will promote judicial economy by avoiding duplicative litigation and ensuring uniform relief for a class likely to include numerous blind individuals who have attempted to use Defendant's Website and faced exclusion due to its inaccessibility.

## FIRST CAUSE OF ACTION

**Violations of the ADA, 42 U.S.C. § 12182 et seq.**

44. Plaintiff RANDOLPH SIMMONS, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

45. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12182(a), provides that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or operates a place of public accommodation.

46. Defendant's Website, www.brookstone.com, is a service offered to the general public and a digital gateway through which Defendant offers goods, services, privileges, and advantages to consumers. As such, the Website must be equally accessible to blind and visually impaired individuals.

47. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

48. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination includes a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless doing so would fundamentally alter the nature of the offering or result in an undue burden. 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

49. The acts alleged herein constitute violations of Title III of the ADA and the regulations promulgated thereunder. Plaintiff is a member of a protected class under the ADA and has a physical disability that substantially limits the major life activity of sight. Plaintiff has been

denied full and equal access to the Website, has not been provided services that are provided to other patrons who are not disabled, and has been provided services inferior to those provided to non-disabled persons. Defendant has failed to take prompt and equitable steps to remedy the discriminatory conduct, and the violations are ongoing.

50. Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth within the Prayer for Relief below.

## SECOND CAUSE OF ACTION
**Violations of the New York State Human Rights Law (“NYSHRL”)**

51. Plaintiff RANDOLPH SIMMONS, on behalf of himself and the Class and New York Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

52. At all times relevant to this action, the NYSHRL, Article 15 of the New York Executive Law § 290 et seq., covers Defendant’s actions.

53. Plaintiff, at all times relevant to this action, as a result of his loss of vision, has a substantial impairment to a major life activity and is an individual with a disability under Article 15 of N.Y. Executive Law § 292(21).

54. Defendant, Cart.com at all relevant times, owns and operates a place of public accommodation, the subject Website, www.brookstone.com, within the meaning of Article 15 of N.Y. Executive Law § 292(9). Defendant is a person within the meaning of Article 15 of N.Y. Executive Law § 292(1).

55. Plaintiff has visited the Website on a number of occasions and has encountered barriers to her access that exist thereon.

56. Under N.Y. Executive Law § 296(2)(a), it is an unlawful discriminatory practice for any owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public

accommodation, because of the disability of any person, directly or indirectly, to refuse, withhold from, or deny to such person any of the accommodations, advantages, facilities, or privileges thereof.

57. Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices, or procedures when necessary to afford facilities, privileges, advantages, or accommodations to individuals with disabilities.

58. Defendant's actions violate N.Y. Executive Law § 296 by discriminating against Plaintiff and the Subclass by owning and operating a Website that is inaccessible to disabled individuals who are sight-impaired and cannot discern the content thereof without the use of assistive technology; by not removing access barriers to its Website; and by refusing to modify the Website when such modifications are necessary to afford facilities, privileges, advantages, or accommodations to individuals with disabilities.

59. Defendant's discriminatory practice also includes a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless Defendant can demonstrate undue burden or fundamental alteration.

60. Established guidelines exist for making websites accessible to disabled individuals, including WCAG 2.1. These guidelines are widely used to ensure websites are accessible to blind and visually impaired people.

61. Defendant has intentionally and willfully discriminated against Plaintiff and the Subclass in violation of the NYSHRL, and the discrimination continues to date. Absent injunctive relief, Defendant's discrimination will continue against Plaintiff and the Subclass, causing irreparable harm.

62. Plaintiff and the Subclass are therefore entitled to compensatory damages, civil

penalties, fines, and reasonable attorneys' fees and costs as provided by law.

**THIRD CAUSE OF ACTION**
**Violation of the New York State Civil Rights Law**
**("NYCRL")**

63. Plaintiff RANDOLPH SIMMONS, on behalf of himself and the New York Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

64. Plaintiff served or will serve notice upon the New York State Attorney General as required by N.Y. Civil Rights Law § 41.

65. Persons within New York State are entitled to full and equal accommodations, advantages, facilities, and privileges of places of public accommodation, subject only to lawful conditions and limitations established alike to all persons. N.Y. Civ. Rights Law § 40.

66. No person because of disability, as defined in N.Y. Executive Law § 292(21), shall be subjected to discrimination in civil rights by any person, firm, corporation, or institution. N.Y. Civ. Rights Law § 40-c.

67. Plaintiff is disabled under the New York Civil Rights Law by reason of his permanent visual impairment.

68. Defendant discriminates against Plaintiff and the Subclass under NYCRL § 40 because Defendant's Website does not provide full and equal accommodation, advantages, facilities, and privileges to disabled individuals who are sight impaired.

69. Defendant intentionally and willfully failed to remove the barriers on its Website, discriminating against Plaintiff and the Subclass and preventing access in violation of NYCRL § 40.

70. Defendant has failed to take steps to halt and correct its discriminatory conduct and continues to discriminate against Plaintiff and the Subclass members.

71. Under N.Y. Civil Rights Law § 41, Plaintiff and the Subclass seek statutory damages

and other relief permitted by law.

**FOURTH CAUSE OF ACTION**
**Violations of the New York City Human Rights Law**
**("NYCHRL")**

72. Plaintiff RANDOLPH SIMMONS, on behalf of himself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

73. N.Y.C. Administrative Code § 8-107(4)(a) provides that it is an unlawful discriminatory practice for any person who is the owner, lessor, lessee, proprietor, manager, superintendent, agent, or employee of any place or provider of public accommodation, because of any person's disability, directly or indirectly to refuse, withhold from, or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities, or privileges of the place or provider of public accommodation.

74. Defendant is subject to the NYCHRL because it owns and operates the Website, www.brookstone.com, making it a person within the meaning of N.Y.C. Admin. Code § 8-102(1).

75. Defendant violates N.Y.C. Administrative Code § 8-107(4)(a) by refusing to update or remove access barriers to Defendant's Website, causing the Website and the services integrated therein to be inaccessible to blind individuals. This inaccessibility denies blind patrons full and equal access to the facilities, products, and services that Defendant makes available to the non-disabled public.

76. Defendant is required to make reasonable accommodation to the needs of persons with disabilities.

77. Defendant's actions constitute willful intentional discrimination against the Sub-Class based on disability in that Defendant has constructed and maintained a Website that is inaccessible to blind class members and failed to take actions to correct these access barriers in the

face of substantial harm and discrimination to blind class members.

78. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct, and these violations are ongoing.

79. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

80. Plaintiff is entitled to compensatory damages, civil penalties, fines, punitive damages, and reasonable attorneys' fees and costs to the extent permitted by law.

## FIFTH CAUSE OF ACTION
### Declaratory Relief

81. Plaintiff RANDOLPH SIMMONS, on behalf of himself and the Class and New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

82. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers full and equal access to the products, services, and facilities of the Website, which Defendant owns, operates, and controls, and fails to comply with applicable laws including Title III of the ADA and New York anti-discrimination law.

83. A judicial declaration is necessary and appropriate at this time so that each of the parties may know its respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

- A preliminary and permanent injunction prohibiting Defendant from violating the ADA and the laws of New York;

- A preliminary and permanent injunction requiring Defendant to take all steps necessary to make the Website fully compliant with the ADA and its implementing regulations so that the Website is readily accessible to and usable by blind individuals;
- A declaration that Defendant owns, maintains, and/or operates the Website in a manner that discriminates against the blind and fails to provide access for persons with disabilities as required by law;
- An order certifying the Class and Sub-Classes under Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3), appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel;
- Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages, penalties, and fines, to Plaintiff and the proposed class and subclasses for violations of civil rights under New York law;
- Pre-judgment and post-judgment interest;
- An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and
- Such other and further relief as this Court deems just and proper.

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact this Complaint raises.

Dated: New York, New York
September 22, 2026

Respectfully submitted,
*/s/ Robert Schonfeld*
Robert Schonfeld, Esq.
**Joseph & Norinsberg, LLC**
Attorneys for Plaintiff
825 Third Avenue, Suite 2100
New York, New York, 10022
Tel. No. (212) 227-5700
rschonfeld@employeejustice.com